AO 241
(Rev. 01/15)

## PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
## HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District: District of Columbia |
|---|---|

| Name (under which you were convicted): | Docket or Case No.: |
|---|---|
| Antonio Dupree Reed | 1:17-cv-379 |

| Place of Confinement : | Prisoner No.: |
|---|---|
| USP Lewisburg - U.S. Penitentiary 2400 Robert F. Miller Drive, Lewisburg, PA 17837 | 37985-037 |

| Petitioner (include the name under which you were convicted) | | Respondent (authorized person having custody of petitioner) |
|---|---|---|
| Antonio D. Reed | v. | Warden J.E. Thomas |

The Attorney General of the State of:

## PETITION

1.   (a) Name and location of court that entered the judgment of conviction you are challenging:

Superior Court of the District of Columbia - 510 E Street, NW, Washington , DC 20001

(b) Criminal docket or case number (if you know):   FEL4054-05

2.   (a) Date of the judgment of conviction (if you know):   02/09/2007

(b) Date of sentencing:   04/27/2007

3.   Length of sentence:   56 years

4.   In this case, were you convicted on more than one count or of more than one crime?   ☑ Yes   ☐ No

5.   Identify all crimes of which you were convicted and sentenced in this case:

First Degree Murder While Armed; Assault With Intent to Kill While Armed; and two counts of

Possession of a Firearm During a Crime of Violence.

6.   (a) What was your plea? (Check one)

☑ (1)   Not guilty     ☐ (3)   Nolo contendere (no contest)

☐ (2)   Guilty     ☐ (4)   Insanity plea

AO 241
(Rev. 01/15)

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?   N/A

(c) If you went to trial, what kind of trial did you have? (Check one)

☑ Jury     ☐ Judge only

7.   Did you testify at a pretrial hearing, trial, or a post-trial hearing?

☑ Yes     ☐ No

8.   Did you appeal from the judgment of conviction?

☑ Yes     ☐ No

9.   If you did appeal, answer the following:

(a) Name of court:   D.C. Court of Appeals

(b) Docket or case number (if you know):   07-CF-531

(c) Result:   Affirmed the jury's verdict; rehearing en banc denied.

(d) Date of result (if you know):   10/06/2010

(e) Citation to the case (if you know):   Reed v. United States, 84 A.3d 579 (Table)(D.C. Aug. 5, 2010)

(f) Grounds raised:   The evidence presented by the government was insufficient. Specifically, the prior, inconsistent, out-of-court statements of two witnesses were insufficient to sustain a conviction, especially in light of the lack of opportunity for effective cross-examination; a video of the incident provided reasonable doubt, and the government lacked evidence regarding mens rea.

In addition, the fact that the jurors did not have video equipment to review the video amounted to reversible error.

(g) Did you seek further review by a higher state court?     ☐ Yes   ☑ No

If yes, answer the following:

(1) Name of court:

(2) Docket or case number (if you know):

(3) Result:

(4) Date of result (if you know):

(5) Citation to the case (if you know): _____

(6) Grounds raised: _____

_____

_____

_____

(h) Did you file a petition for certiorari in the United States Supreme Court?   ☑ Yes   ☐ No

If yes, answer the following:

(1) Docket or case number (if you know): 10-883

(2) Result: Petition denied.

_____

(3) Date of result (if you know): 02/22/2011

(4) Citation to the case (if you know): Reed v. United States, 562 U.S. 1222 (Feb. 22, 2011).

10.   Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions

concerning this judgment of conviction in any state court?   ☑ Yes   ☐ No

11.   If your answer to Question 10 was "Yes," give the following information:

(a)   (1) Name of court: Superior Court of the District of Columbia

(2) Docket or case number (if you know): FEL4054-05

(3) Date of filing (if you know): 01/20/2010

(4) Nature of the proceeding: Motion to vacate and for a new trial under D.C. Section 23-110

(5) Grounds raised: The ineffective assistance of trial counsel, and the aggregation of her errors,

supported the vacation of Mr. Reed's conviction.

Newly discovered evidence, including a key witness's recantation of her prior testimony

and the testimony of a new discovered eye witness, supported the grant of a new trial.

_____

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☑ Yes   ☐ No

(7) Result: Motion denied.

(8) Date of result (if you know): 06/10/2014

AO 241
(Rev. 01/15)

(b) If you filed any second petition, application, or motion, give the same information:

    (1) Name of court:    N/A

    (2) Docket or case number (if you know):

    (3) Date of filing (if you know):

    (4) Nature of the proceeding:

    (5) Grounds raised:

    (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

    ❑ Yes     ❑ No

    (7) Result:

    (8) Date of result (if you know):

(c) If you filed any third petition, application, or motion, give the same information:

    (1) Name of court:    N/A

    (2) Docket or case number (if you know):

    (3) Date of filing (if you know):

    (4) Nature of the proceeding:

    (5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

❐  Yes      ❐  No

(7) Result: _____

(8) Date of result (if you know): _____

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application,

or motion?

(1)  First petition:     ✔ Yes      ❐  No

(2)  Second petition:   ❐  Yes      ❐  No

(3)  Third petition:    ❐  Yes      ❐  No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

N/A
_____

_____

12.    For this petition, state every ground on which you claim that you are being held in violation of the Constitution,
       laws, or treaties of the United States.  Attach additional pages if you have more than four grounds.  State the facts
       supporting each ground.

       **CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available
       state-court remedies on each ground on which you request action by the federal court.  Also, if you fail to set
       forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

**GROUND ONE:**   Mr. Reed received ineffective assistance of counsel in violation of his Sixth Amendment rights.
_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

See attached memorandum.
_____

_____

_____

_____

_____

_____

(b) If you did not exhaust your state remedies on Ground One, explain why:   N/A
_____

_____

_____

_____

_____

(c)     **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?     ☐  Yes     ☑  No

(2) If you did not raise this issue in your direct appeal, explain why:   The issue was properly raised in a

post-conviction proceeding under D.C. Code Section 23-110.

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑ Yes     ☐   No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:   Motion to vacate and for a new trial under D.C. Code Section 23-110.

Name and location of the court where the motion or petition was filed:   Superior Court of the District of

Columbia, 510 E Street, NW, Washington, DC 20001.

Docket or case number (if you know):   FEL4054-05

Date of the court's decision:   06/10/2014

Result (attach a copy of the court's opinion or order, if available):   Motion denied. See attached Order.


(3) Did you receive a hearing on your motion or petition?                      ☑  Yes     ☐   No

(4) Did you appeal from the denial of your motion or petition?                 ☑  Yes     ☐   No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?     ☑  Yes     ☐   No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:   District of Columbia Court of Appeals,

430 E. Street NW, Washington, DC 20001.

Docket or case number (if you know):   14-CO-761

Date of the court's decision:   03/04/2016

Result (attach a copy of the court's opinion or order, if available):   Judgment affirmed; petition for rehearing

en banc denied. See attached Opinion.


(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have

used to exhaust your state remedies on Ground One:   N/A

_____

_____

**GROUND TWO:**                The trial court's decision regarding the admission of out-of-court statements conflicts

with rulings of the United States Supreme Court in violation of Mr. Reed's Sixth Amendment rights.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

See attached memorandum.

_____

_____

_____

_____

_____

_____

_____

(b) If you did not exhaust your state remedies on Ground Two, explain why:   N/A

_____

_____

(c)      **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?      ☑ Yes      ☐ No

(2) If you did <u>not</u> raise this issue in your direct appeal, explain why: _____

_____

_____

(d)      **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes   ☑ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

_____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____

_____

_____

(3) Did you receive a hearing on your motion or petition?  ❏ Yes  ❏ No

(4) Did you appeal from the denial of your motion or petition?  ❏ Yes  ❏ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ❏ Yes  ❏ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

_____

(e)   **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Two :   N/A

_____

_____

_____

**GROUND THREE:**       The trial court failed to consider the cumulative effect of the errors committed at trial,

which rendered the verdict unreliable, in violation of Mr. Reed's constitutional due process rights.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

See attached memorandum.

_____

_____

_____

_____

_____

_____

(b) If you did not exhaust your state remedies on Ground Three, explain why:   N/A

_____

_____

_____

(c)      **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?      ❏ Yes      ☑ No

(2) If you did not raise this issue in your direct appeal, explain why:   The issue was properly raised in

the appeal of a decision in a post-conviction proceeding under D.C. Code Section 23-110.

_____

(d)      **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑ Yes      ❏ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:      Appeal re: motion to vacate and for a new trial under D.C. Section 23-110.

Name and location of the court where the motion or petition was filed:   Superior Court of the District of

Columbia, 510 E Street, NW, Washington , DC 20001.

Docket or case number (if you know):   FEL4054-05

Date of the court's decision:   06/10/2014

Result (attach a copy of the court's opinion or order, if available):   Motion denied. See attached Order.

_____

(3) Did you receive a hearing on your motion or petition?                    ☑ Yes      ❏ No

(4) Did you appeal from the denial of your motion or petition?               ☑ Yes      ❏ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☑ Yes      ❏ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:      District of Columbia Court of Appeals,

430 E. Street NW, Washington, DC 20001.

Docket or case number (if you know):   14-CO-761

Date of the court's decision:   03/04/2016

Result (attach a copy of the court's opinion or order, if available):      Judgment affirmed; petition for rehearing

en banc denied. See attached Opinion.

_____

_____

AO 241
(Rev. 01/15)

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three:   N/A

_____

_____

**GROUND FOUR:**   N/A

_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

_____

_____

(b) If you did not exhaust your state remedies on Ground Four, explain why:   _____

_____

_____

_____

(c)    **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?     ❑ Yes     ❑ No

(2) If you did not raise this issue in your direct appeal, explain why:   _____

_____

_____

(d)    **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

❑ Yes     ❑ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:   _____

AO 241
(Rev. 01/15)

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(3) Did you receive a hearing on your motion or petition?              ❑ Yes      ❑ No

(4) Did you appeal from the denial of your motion or petition?         ❑ Yes      ❑ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ❑ Yes      ❑ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

_____

_____

_____

_____

(e)     **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Four: _____

_____

_____

_____

_____

_____

_____

13.    Please answer these additional questions about the petition you are filing:

   (a)    Have all grounds for relief that you have raised in this petition been presented to the highest state court

          having jurisdiction?    ☑ Yes        ☐    No

          If your answer is "No," state which grounds have not been so presented and give your reason(s) for not

          presenting them: _____

          _____

          _____

          _____

   (b)    Is there any ground in this petition that has not been presented in some state or federal court?  If so, which

          ground or grounds have not been presented, and state your reasons for not presenting them:

          No. _____

          _____

          _____

14.    Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction

       that you challenge in this petition?        ☑    Yes        ☐    No

       If "Yes," state the name and  location of the court, the docket or case number, the type of proceeding, the issues

       raised, the date of the court's decision, and the result for each petition, application, or motion filed.  Attach a copy

       of any court opinion or order, if available.    Petition for Writ of Certiorari in the United States Supreme Court

       1 First Street NE, Washington, DC 20543, No. 10-883. Challenged whether a prior inconsistent

       statement could support a conviction when there was not meaningful cross-examination.

       Writ denied on February 22, 2011. Reed v. United States, 562 U.S. 1222 (Feb. 22, 2011).

       Petition for Writ of Certiorari in the United States Supreme Court, 1 First Street NE, Washington, DC

       20543, No. 10-883. Challenged the opinion of the D.C. Court of Appeals when it failed to consider the

       cumulative impact of multiple errors at trial and held that trial counsel's performance was not ineffective.

       Writ denied on October 3, 2016. Reed V. United States, 137 S. Ct. 102 (Mem.) (Oct. 3, 2016).

15.    Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for

       the judgment you are challenging?        ☐    Yes        ☑ No

       If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues

       raised. _____

       _____

       _____

       _____

       _____

       _____

16.     Give the name and address, if you know, of each attorney who represented you in the following stages of the

judgment you are challenging:

(a) At preliminary hearing:   Claudia Crichlow, D.C. Public Defender Service, 633 Indiana Ave NW

Washington, DC 20004.

(b) At arraignment and plea:   Claudia Crichlow, D.C. Public Defender Service, 633 Indiana Ave NW

Washington, DC 20004.

(c) At trial:    Sara Kopecki, BHT Legal, 619 Morris Pl, NE, Washington, DC 20002.


(d) At sentencing:    Sara Kopecki, BHT Legal, 619 Morris Pl, NE, Washington, DC 20002.


(e) On appeal:    Eric Yaffe & Ashley Ewald, Gray Plant Mooty, 600 New Hampshire Ave NW,

Suite 700, Washington, DC 20037.

(f) In any post-conviction proceeding:    Eric Yaffe & Maisa Frank, Gray Plant Mooty,

600 New Hampshire Ave NW, Suite 700, Washington, DC 20037.

(g) On appeal from any ruling against you in a post-conviction proceeding:    Eric Yaffe & Maisa Frank,

Gray Plant Mooty, 600 New Hampshire Ave NW, Suite 700, Washington, DC 20037.


17.     Do you have any future sentence to serve after you complete the sentence for the judgment that you are

challenging?          ❒ Yes    ☑ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:



(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the

future?          ❒ Yes    ❒ No

18.     TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain

why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

N/A

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in

part that:

(1)     A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in
        custody  pursuant to the judgment of a State court.  The limitation period shall run from the latest of -

        (A)     the date on which the judgment became final by the conclusion of direct review or the expiration
                of the time for seeking such review;

        (B)     the date on which the impediment to filing an application created by State action in violation of
                the Constitution or laws of the United States is removed, if the applicant was prevented from
                filing by such state action;

        (C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court,
                if the right has been newly recognized by the Supreme Court and made retroactively applicable to
                cases on collateral review; or

        (D)     the date on which the factual predicate of the claim or claims presented could have been
                discovered through the exercise of due diligence.

AO 241
(Rev. 01/15)

(2)     The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief:    Order that Mr. Reed be discharged from

confinement and/or conduct an evidentiary hearing on the claims raised in this petition.

or any other relief to which petitioner may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on _____ (month, date, year).

Executed (signed) on    2-28-17    (date).

_____
Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

_____

_____

_____

_____