# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANTONIO DUPREE REED, | ) |
| Petitioner, | ) |
| v. | ) Case No. 17-cv-00379 (APM) |
| J.E. THOMAS, | ) |
| Respondent. | ) |

## MEMORANDUM OPINION

### I.  INTRODUCTION

Petitioner Antonio Dupree Reed filed a petition for writ of habeas corpus under 28 U.S.C. § 2254, seeking to vacate his 2007 conviction in the Superior Court of the District of Columbia for first-degree murder. Petitioner claims that he is entitled to such relief for three reasons: (1) he was denied the right to effective assistance of trial counsel; (2) his Confrontation Clause rights were violated by the admission of certain out-of-court statements that were not subject to meaningful cross-examination; and (3) his due process rights were violated when the District of Columbia courts failed to consider the cumulative effect of the errors committed at trial and in collateral proceedings.

Before the court is Respondent's Motion to Dismiss for lack of subject matter jurisdiction. Respondent asserts that D.C. Code § 23-110 divests this court of jurisdiction to hear Petitioner's three claims. Section 23-110 provides that a prisoner convicted in the Superior Court of the District of Columbia may raise a collateral challenge to his sentence by motion in that court, *see* D.C. Code § 23-110(a), but may not petition for a writ of habeas corpus "unless it . . . appears that

the remedy by motion is inadequate or ineffective to test the legality of his detention," *id.* § 23-110(g). For the reasons stated below, the court finds that it lacks jurisdiction to hear the habeas petition because the remedy under D.C. Code § 23-110 is neither inadequate nor ineffective to test the legality of Petitioner's detention. Accordingly, the court grants Respondent's Motion to Dismiss.

## II. BACKGROUND

In 2006, Petitioner was indicted in the Superior Court of the District of Columbia ("D.C. Superior Court") on charges of first-degree murder while armed, assault with intent to kill while armed, and two counts of possession of a firearm during the commission of a crime of violence. *See* Pet. Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, ECF No. 1 [hereinafter Pet.], Ex. G, Appellant's Br. 4/9/09, ECF No. 1-15 [hereinafter Pet. Ex. G], at 2; Pet., Ex. A, Trial Ct. Order 6/10/14, ECF No. 1-9, at 1. These charges arose out of a 2005 shooting that occurred at gas station in Washington, D.C., which resulted in the death of Dwayne James. Pet., Mem. of Law in Support of Pet. for Writ of Habeas Corpus, ECF No. 1-8 [hereinafter Mem. in Support of Pet.], at 2. At trial, the government presented eight witnesses and pursued two theories with respect to the first-degree murder charge. *Id.* The first theory was that Petitioner actually shot the decedent. *Id.* The second theory was that Petitioner aided and abetted the shooter. *Id.* The defense presented no witnesses, and Petitioner did not testify on his own behalf. *Id.* at 3.

On February 9, 2007, a jury convicted Petitioner on all counts. *See* Pet. at 1. Petitioner was sentenced to 56 years of incarceration. *Id.* Petitioner then directly appealed his murder and assault convictions. Mem. in Support of Pet. at 3. In his appeal, he challenged the sufficiency of the evidence and argued, among other things, that "the use of a prior inconsistent statement of a

2

witness who no longer has a memory of the events related to the statement . . . constitutes a violation of [the] Sixth Amendment right to cross-examination and is insufficient to sustain a conviction." *Id.* at 3–4; *see* Pet. Ex. G at 12–16. The D.C. Court of Appeals upheld Petitioner's conviction in 2010. *See* Mem. in Support of Pet. at 3–4; Pet., Ex. F, App. Ct. Order 8/5/10, ECF No. 1-14 [hereinafter Pet. Ex. F]. His petition for rehearing en banc and for writ of certiorari also were denied. *See* Mem. in Support of Pet. at 4.

While his direct appeal was pending, Petitioner filed a collateral challenge to his conviction and sentence in the D.C. Superior Court under D.C. Code § 23-110, alleging that his trial counsel was constitutionally ineffective and that he should receive a new trial based on newly discovered evidence. *See id.*; Pet., Ex. J, 23-110 Mot., ECF No. 1-18. Following an evidentiary hearing, the trial court denied his motion. *See* Mem. in Support of Pet. at 5. The D.C. Court of Appeals affirmed the denial of the motion on appeal. *See id.* at 5–6. Again, Petitioner's petition for rehearing en banc and for writ of certiorari were denied. *See id.* at 6–7.

On March 2, 2017, Petitioner timely filed the instant petition for writ of habeas corpus under 28 U.S.C. § 2254. *Id.* at 1–2; *see* United States' Mot. to Dismiss Pet. Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, ECF No. 12 [hereinafter Mot. to Dismiss], at 4. The habeas petition challenges Petitioner's first-degree murder conviction on three separate constitutional grounds. Mem. in Support of Pet. at 1. First, Petitioner claims he was denied the right to effective assistance of trial counsel under the Sixth Amendment. *Id.* Second, he asserts that his rights under the Confrontation Clause of the Sixth Amendment were violated by the admission of out-of-court statements that were not subject to meaningful cross-examination. *Id.* at 1, 18. Finally, Petitioner maintains that he was deprived of a fair trial, and thus due process,

3

when the District of Columbia courts failed to consider the cumulative effect of the errors committed at trial and in post-conviction proceedings. *Id.* at 1.

On July 17, 2017, Respondent moved to dismiss the petition for lack of subject-matter jurisdiction pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, arguing that Petitioner's claims are foreclosed under D.C. Code § 23-110. Mot. to Dismiss at 1.

## III. LEGAL STANDARD

"A 'conviction in the Superior Court of the District of Columbia is considered a state court conviction under federal habeas law,' and a challenge to a Superior Court conviction is 'properly brought under 28 U.S.C. § 2254.'" *Wright v. Wilson*, 930 F. Supp. 2d 7, 10 (D.D.C. 2013) (quoting *Smith v. United States*, No. 00-5181, 2000 WL 1279276, at *1 (D.C. Cir. Aug. 23, 2000)). District of Columbia prisoners, however, face a unique jurisdictional hurdle in seeking habeas relief in federal court: D.C. Code § 23-110.

Congress enacted D.C. Code § 23-110 "to vest the Superior Court with exclusive jurisdiction over most collateral challenges by prisoners sentenced in that court." *Williams v. Martinez*, 586 F.3d 995, 1000 (D.C. Cir. 2009). The statute achieves this result by establishing a procedure for collateral review of convictions in the D.C. Superior Court and creating exclusive jurisdiction in that court unless the prisoner's claims fall within the statute's "safety valve." *See id.* at 996; *Ibrahim v. United States*, 661 F.3d 1141, 1142 (D.C. Cir. 2011). Specifically, section 23-110(a) authorizes a prisoner convicted and sentenced in D.C. Superior Court to "move the court to vacate, set aside, or correct [his] sentence" on grounds that it was imposed in violation of the U.S. Constitution or is otherwise subject to collateral attack. D.C. Code § 23-110(a). Importantly, however, the statute goes on to provide that such prisoners may not petition for a writ of habeas corpus in federal court "unless it . . . appears that the remedy by motion is inadequate or ineffective

to test the legality of his detention." *Id.* § 23-110(g). The "remedy by motion" referenced in section 23-110(g) refers to "motions filed pursuant to section 23-110(a)." *Ibrahim*, 661 F.3d at 1142 (quoting *Williams*, 586 F.3d at 998).

## IV. DISCUSSION

Respondent moves to dismiss the habeas petition for lack of subject-matter jurisdiction under D.C. Code § 23-110. Petitioner, on the other hand, contends that section 23-110 does not provide him with an adequate or effective remedy. Thus, Petitioner argues that his claims fall within the "safety valve" exception of section 23-110(g). The court will address each of Petitioner's grounds for habeas relief in turn.

### A. Ineffective Assistance of Counsel Claim

The court begins with, and quickly dismisses, Petitioner's ineffective assistance of trial counsel claim. Petitioner claims that his counsel made multiple errors during trial, chief of which was her decision to change the theory of the case to self-defense during closing arguments, after initially telling the jury that Petitioner brought a gun to the scene, but did not shoot the decedent. *See* Mem. in Support of Pet. at 8–15. According to Petitioner, the inconsistencies in his counsel's opening and closing arguments—coupled with the fact that there was no evidence to support a self-defense theory—confused and alienated the jury. *See id.* at 12–15. In the aggregate, Petitioner argues that his trial counsel's deficient performance resulted in prejudicial error that affected the outcome of the case and therefore rendered his representation unconstitutionally ineffective under the Sixth Amendment. *See id.* at 7–16; *see also* Mem. of Points & Authorities in Opp'n to Government's Mot. to Dismiss Pet. for Writ of Habeas Corpus, ECF No. 14 [hereinafter Opp'n], at 1.

5

Petitioner's ineffective assistance of *trial* counsel claims, however, clearly fall within the scope of section 23-110. *Moore v. United States*, 253 F. Supp. 3d 131, 133 (D.D.C. 2017); *Mackall v. Wilson*, 32 F. Supp. 3d 76, 79 (D.D.C. 2014); *cf. Williams*, 586 F.3d at 996 ("Because the D.C. Court of Appeals has held that challenges to the effectiveness of *appellate* counsel may not be brought pursuant to section 23-110 . . . we hold that section 23-110 does not provide federal courts of jurisdiction over habeas petitions" alleging such challenges. (emphasis added)). "[T]he mere fact that the D.C. courts denied [Petitioner's] § 23-110 motion does not render the remedy inadequate or ineffective, particularly since he was provided 'a full and fair opportunity to litigate a colorable claim in the District of Columbia courts.'" *Johnson v. Matevousian*, No. 16-0757, 2016 WL 2930891, at *2 (D.D.C. May 19, 2016) (internal citation omitted) (quoting *Garris v. Lindsay*, 794 F.2d 722, 727 (D.C. Cir. 1986)). Thus, the court lacks jurisdiction to consider his claim of ineffective assistance of trial counsel.

### B. Cumulative Errors Claim

Next, Petitioner argues that the cumulative effect of individual errors committed at trial by his counsel and by the trial court in his section 23-110 proceedings denied him the right to due process. *See* Mem. in Support of Pet. at 28; Opp'n at 4. Those errors are as follows: (1) his counsel's "multiple errors at trial, including admitting in her opening statement that [Petitioner] brought a gun to the crime scene but was not the shooter and did not have any intent to commit murder, but then asserting in her closing . . . that [Petitioner] did not possess a gun and acted in self-defense"; (2) the government's post-trial concession that Petitioner "was not the shooter, eliminating the theory that [he] was the principal shooter"; (3) the trial court's decision, when evaluating his petition under section 23-110, to "erroneously discredit[] newly discovered eyewitness testimony that proves that [Petitioner] was not working in cooperation with the

shooter"; and (4) in that same proceeding, the trial court's "erroneous[] assign[ment] of weight to the out-of-court statement of the only witness who provided any evidence of [Petitioner's] intent to commit murder, despite the witness's newly discovered history of testifying against [Petitioner] and then recanting her testimony, including in this case." Opp'n at 4. Petitioner contends that the *accumulation* of errors was not considered by the D.C. Superior Court in denying his section 23-110 motion and was dismissed only in passing by the D.C. Court of Appeals. *Id.* According to Petitioner, these decisions were "contrary to clearly established Supreme Court law," which states that "the combined effect of multiple trial court errors violates due process where it renders the resulting criminal trial fundamentally unfair." *Id.* at 4–5 (quoting *Parle v. Runnels*, 505 F.3d 922, 927 (9th Cir. 2007) (citing *Chambers v. Mississippi*, 410 U.S. 284, 298, 302–03 (1973)). And, because such decisions, in the aggregate, were "contrary to clearly established Supreme Court law," and not paid sufficient consideration by the D.C. courts, Petitioner argues that the relief provided by the section 23-110 motion was inadequate or ineffective to test the legality of his detention. The court disagrees.

To support his argument, Petitioner quotes from a portion of *Morrison v. United States Parole Commission*, in which the court stated: "Relief is 'inadequate or ineffective' if it resulted in a 'decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.'" 68 F. Supp. 3d 92, 96 (D.D.C. 2014) (quoting *Gorbey v. United States*, 55 F. Supp. 3d 98, 103 (D.D.C. 2014)). Petitioner, however, reads the quoted passage from *Morrison* out of context. The court in *Morrison* relied on *Gorbey v. United States*, and in *Gorbey*, the district court correctly observed that "a District of Columbia prisoner has no recourse to a federal judicial forum unless the local remedy is 'inadequate or ineffective to test the legality of his detention.'" 55 F. Supp. 3d at 103 (quoting

7

*Garris*, 794 F.2d at 726). Once a D.C. prisoner "clears this unique bar," the court went on to explain, "the ordinary habeas standard applies." *Id.* In the context of discussing this "ordinary habeas standard," the court noted that it could grant the petitioner relief "only if the D.C. court's adjudication of his claim 'resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.'" *Id.* (quoting *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007)). Thus, as Respondent correctly points out, *Gorbey* refers to "the standard for relief on the merits *after* the petitioner clears the unique jurisdictional bar—not the standard for overcoming the bar." United States' Reply Mem. to Pet'r's Mem. of Points & Authorities in Opp'n to Government's Mot. to Dismiss Pet. For Writ of Habeas Corpus, ECF No. 17, at 6 (emphasis added). Indeed, in *Gorbey*, the court only had occasion to apply the "ordinary habeas standard" because, after the Circuit's decision in *Williams*, the petitioner's claim of ineffective assistance of appellate counsel "f[ell] into a narrow exception to § 23-110(g)'s bar on habeas petitions." *Gorbey*, 55 F. Supp. 3d at 103–04. Thus, *Morrison* and *Gorbey*, when properly understood, do not help Petitioner.

Petitioner also avers that the remedy provided by section 23-110 was inadequate or ineffective because "the facts of this case present the rare case where a defendant has been denied any opportunity for judicial rectification of a fundamental defect in his conviction." Opp'n at 5 (citing *In re Smith*, 285 F.3d 6, 8 (D.C. Cir. 2002); *Byrd v. Henderson*, 119 F.3d 34, 37–38 (D.C. Cir. 1997)). Specifically, Petitioner points to the government's concession that he did not shoot the decedent, as well as new evidence that he claims disproves the alternative theory that he aided and abetted the shooter. *See id.* at 5–6. But Petitioner's dissatisfaction with the outcome of his collateral attack in the D.C. courts does not mean he lacked "any opportunity for judicial rectification." As the record shows, Petitioner did bring his due process claim premised on

individual and cumulative trial errors and new evidence pursuant to section 23-110 before the D.C. Superior Court and then raised those claims on appeal. The D.C. Court of Appeals simply rejected them. The court unequivocally stated that, in light of its denials of Petitioner's ineffective assistance of counsel and "new evidence" claims, the court "also reject[s] [his] argument that his convictions should be vacated because of the cumulative prejudice of the alleged errors." *See* Pet., Ex. L, App. Ct. Order 1/7/16, ECF No. 1-20 [hereinafter Pet. Ex. L], at 7 n.8. Thus, Petitioner had ample "opportunity for judicial rectification." He simply did not succeed.

Moreover, Petitioner's reliance on *Smith* and *Byrd* is misplaced. In *Smith*, the defendant petitioned for habeas relief under 28 U.S.C. § 2255, seeking to vacate his conviction under 18 U.S.C. § 924(c) on the ground that the act of trading drugs for guns did not violate the statute. 285 F.3d at 7; *see also Ibrahim*, 661 F.3d at 1141 (noting that 28 U.S.C. § 2255, which establishes collateral challenge procedures for *federal* prisoners, parallels D.C. Code § 23-110). The district court denied the motion and the D.C. Circuit denied his request for a certificate of appealability. *Smith*, 285 F.3d at 7. Thereafter, the Supreme Court decided *Bailey v. United States*, 516 U.S. 137 (1995), and the D.C. Circuit decided *United States v. Stewart*, 246 F.3d 728 (D.C. Cir. 2001). In *Stewart*, the court held that in light of *Bailey* the "receipt of a gun during a drug transaction is not an offense under § 924(c)." *Smith*, 285 F.3d at 7 (citing *Stewart*, 246 F.3d at 733). These new authorities prompted the defendant in *Smith* to file a request for authorization to file a *second* § 2255 motion in the district court. *Id.* Although there was "no question" that his § 924(c) conviction was no longer valid, the defendant in *Smith* was unable to make the prima facie showing required to obtain authorization to file a second § 2255 motion. *Id.* at 7–8. Thus, the court turned to the "savings clause" of § 2255, which, like D.C. Code § 23-110, turns on whether the "remedy

9

by motion is inadequate or ineffective to test the legality of his detention." *See id.* at 8. The court continued:

> Varying standards have been adopted by the circuits for determining when § 2255 is "inadequate or ineffective." Suffice it for the instant case, the Seventh Circuit has explained that § 2255 "can fairly be termed inadequate when it is so configured as to deny a convicted defendant *any* opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense." The government states that this is just such a case. Smith is actually innocent, having been convicted on the basis of an incorrect understanding of § 924(c), and § 2255 relief is unavailable to him.

*Id.* (internal citations omitted) (quoting *In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998)). Stated differently, the court concluded that the remedy under § 2255 was "inadequate or ineffective" because it foreclosed Smith from petitioning a federal court to vacate a conviction of which he was innocent as a matter of law.

Here, Petitioner asserts that he has similarly been convicted of a "nonexistent offense" because the government concedes he was not the actual shooter and the new evidence forecloses the government's aiding and abetting theory. *Cf.* Opp'n at 5–6. But, unlike in *Smith*, Petitioner did have an "opportunity for judicial rectification." As noted, Petitioner presented his claims to the D.C. Superior Court by motion under section 23-110 and then to the D.C. Court of Appeals, which affirmed the trial court's denial of his motion. *See, e.g.*, Mem. in Support of Pet. at 29 ("The D.C. Court of Appeals incorrectly assumed that the government's admission that [Petitioner] was not the shooter 'does not undermine the verdict since the government's theory was that [Petitioner] aided and abetted the murder even if he was not the actual shooter.'" (quoting Pet. Ex. L at 7 n.8)); *id.* at 30–31 (noting that the D.C. Court of Appeals "misapprehended the critical nature" of the new eyewitness testimony by incorrectly crediting the trial court's judgment in several respects). *Smith* therefore does not help Petitioner.

That leaves *Byrd*. In *Byrd*, a D.C. prisoner filed a petition for writ of habeas corpus in federal court on the ground that the D.C. Court of Appeals' "application of the harmless error test to his misjoinder claim was so arbitrary and capricious as to constitute a violation of his right to due process." 119 F.3d at 37 (internal citation omitted). The D.C. Circuit reviewed the petitioner's assertion and concluded that his due process claim was without merit because the D.C. Court of Appeals had properly applied the harmless error test. *Id.* The Circuit then stated that the petitioner's claim was, at most, a non-constitutional one, which could not be reviewed under section 23-110, because the D.C. Superior Court cannot review the proceedings of the D.C. Court of Appeals. Notwithstanding the unavailability of section 23-110 to review the purported non-constitutional error, the court found such legal reality "d[id] not . . . render Byrd's remedy by motion inadequate or ineffective to test the legality of his detention." *Id.* at 38.

As the foregoing makes clear, although the Circuit in *Byrd* discussed the merits of the petitioner's claims before affirming the district court's denial of his habeas petition, it did so primarily to characterize the petitioner's only viable claim as a non-constitutional one. That the petitioner could not challenge such a ruling in the Superior Court, the court held, did not render his remedy under section 23-110 inadequate or ineffective. *See id.* Thus, *Byrd* does not establish that review is available in this court to consider a claimed constitutional error rejected by the D.C. courts.

Finally, to the extent Petitioner's cumulative error claim raises a claim of actual innocence, *see, e.g.*, Mem. in Support of Pet. at 22, the law is clear that Petitioner may bring such a claim by motion under D.C. Code § 23-110, *see Ibrahim*, 661 F.3d 1141. "[T]his local remedy forecloses petitioner's opportunity to have his claim adjudicated in federal court." *Bailey v. Ebbert*, 218 F. Supp. 3d 60, 64 (D.D.C. 2016); *see also Moore*, 253 F. Supp. 3d at 133 ("The Court of Appeals

11

has concluded 'that the § 23-110 remedy is neither inadequate nor ineffective to test the legality' of a D.C. prisoner's conviction where he has raised a claim of actual innocence." (quoting *Ibrahim*, 661 F.3d at 1146)). If the D.C. Court of Appeals has not already effectively denied Petitioner's claim of actual innocence, then Plaintiff can bring that claim in the first instance in the D.C. Superior Court.

C. **Confrontation Clause Claim**

Finally, Petitioner argues that his rights under the Confrontation Clause of the Sixth Amendment were violated by the admission of out-of-court statements that were not subject to meaningful cross-examination. Opp'n at 1, 6–7. As raised in his habeas petition, this claim essentially challenges the D.C. Court of Appeals' decision in his direct appeal. *See id.* at 7 (citing Pet. Ex. F).

In response to the Motion to Dismiss, Petitioner contends that his remedy under section 23-110 is inadequate as to his Confrontation Clause claim for two reasons. First, Petitioner argues that relief under section 23-110 would be inadequate because the D.C. Court of Appeals "unreasonabl[y] appli[ed] . . . established federal law." *See id.* But for reasons already discussed, section 23-110(g) presumptively precludes him from re-litigating a constitutional claim in federal court that the D.C. Court of Appeals considered and rejected.

Second, Petitioner relatedly insists that his remedy under section 23-110 is inadequate because he is "unable to challenge the Court of Appeals' decision through a § 23-110 proceeding," since the Superior Court cannot, absent special circumstances, countermand a decision of the D.C. Court of Appeals. *Id.*; *see also Diamen v. United States*, 725 A.2d 501, 509 (D.C. 1999), *abrogated on other grounds*, *Poth v. United States*, 150 A.3d 784 (D.C. 2016). This argument, however, is directly foreclosed by *Garris*. As Petitioner does here, the petitioner in *Garris* argued "that th[e]

12

very inability to" to challenge the D.C. Court of Appeals' review of his Sixth Amendment claim "rendered the remedy by motion [under section 23-110] inadequate, and enabled the [d]istrict [c]ourt to consider his habeas corpus petition." 794 F.2d at 724 (footnote omitted). The D.C. Circuit rejected this argument. *Id.* at 724, 727. The court explained that "[i]t is the inefficacy of the remedy, not a personal inability to utilize it, that is determinative, and [the petitioner's] difficulty here is simply that his circumstances preclude him from invoking it." *Id.* at 727. So it is here. Petitioner "pressed his [constitutional] argument on appeal to the District of Columbia Court of Appeals, although he did not prevail." *Id.* Under *Garris*, the fact that Petitioner cannot now challenge that direct review decision under D.C. Code § 23-110(a) does not afford him recourse in federal court. *See id.*

## V. CONCLUSION

For the foregoing reasons, Respondent's Motion to Dismiss is granted. A separate Order accompanies this Memorandum Opinion.

Dated: February 15, 2018

Amit P. Mehta
United States District Judge

13